# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| In re JOSEPH MCGUIRE,<br>　　　　Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF REVENUE,<br>　　　　Defendant. | Civ. Act. No. 12-11103-TSH |

### MEMORANDUM AND ORDER ON APPEAL FROM BANKRUPTCY COURT
June 18, 2013

**HILLMAN, D.J.**

### Nature of the Proceeding

This is an appeal from a final order of the United States Bankruptcy Court for the District of Massachusetts in an adversarial proceeding brought by Joseph McGuire ("McGuire") against the Illinois Department of Revenue ("IDOR").

### Background

In his Complaint McGuire seeks: (i) a determination pursuant to 11 U.S.C. §505(a) that he has no tax liability to IDOR (the "Liability Count"); (ii) a determination that IDOR has no lien on any asset of his bankruptcy estate (the "Lien Count"); and (iii) a determination that no obligation of the Debtor to IDOR is excepted from the discharge he would receive through a Chapter 11 plan in his underlying bankruptcy proceeding (the "Dischargeability Count"). The

bankruptcy court determined that it had jurisdiction over the Lien and Dischargeability Counts as so-called "core proceedings" and entered judgment with respect thereto.  With respect to the Liability Count, it determined that this claim was not a core proceeding[1] and, therefore, it filed proposed findings of fact and conclusions of law in which it recommended: entry of default judgment in favor of McGuire and against IDOR on that claim, declaring that McGuire has no liability to IDOR. *See Proposed Findings of Fact And Conclusions Of Law As To Liability Count For Submission To District Court Under 28 U.S.C. §157(c)(1)*, dated June 3, 2012 ("*Bankruptcy Court Order*").

Among the proposed rulings of law made by the bankruptcy court are the following: (1) the existence and amount of McGuire's liability to IDOR is relevant to the formulation and feasibility of a plan in the joint bankruptcy case of Joseph and Pamela McGuire (collectively, "Debtors"), *see In re Joseph and Pamela McGuire*, Case No. 11-10447-FJB;  (2) the existence and amount of McGuire's liability to IDOR can have an effect on the Debtors' case and is therefore related to their case within the meaning of 28 U.S.C. §1334(b); (3) this Court has subject matter jurisdiction over the liability count under 28 U.S.C. §1334(b) and §157(c)(1) and has by standing order of reference, referred any and all proceeding related to a Chapter 11 case to the judges of the bankruptcy court; (4) the Liability Count is not a core proceeding within the meaning of 28 U.S.C. § 157(b), but is otherwise related to McGuire's bankruptcy case and  the bankruptcy court has authority under 28 U.S.C. § 157(c)(1) to hear the Liability Count and render proposed findings of fact and conclusions of law subject to final review by this Court; (5) abstention under 28 U.S.C.§ 1334(c)(2) is not mandated because the Liability Count cannot be

---

[1] The distinction between "core" and "non-core" proceedings will be more fully explained below.

adjudicated in a timely manner in a State forum and this Court should not exercise its discretion to abstain under 28 U.S.C. §1334(c)(1); and (6) IDOR has not answered the Complaint, nor otherwise prosecuted this action to establish the alleged tax liability and therefore, default judgment should be entered against it declaring that McGuire has no tax liability to IDOR. *Bankruptcy Court Order*, at pp. 5-8.  IDOR has filed objections to the Bankruptcy Court's proposed findings of fact and conclusions of law on the grounds that this Court lacks jurisdiction to determine the merits of IDOR's claim against McGuire.  In the alternative, IDOR argues that under 28 U.S.C. §1334(c), mandatory or permissive abstention is appropriate.

### Relevant Underlying Facts

On January 20, 2011, the Debtors filed a joint bankruptcy petition under Chapter 11 of the United States Bankruptcy Code.  On Schedule E of the Debtors' petition, they listed IDOR's penalty unit as Creditor #1 holding an unsecured priority claim in the amount of $123,243.19 and IDOR, generally, as Creditor #2 holding an unsecured prior claim in the amount of $213,865.14. On February 3, 2011, the bankruptcy court entered an order which provided in relevant part, that "[a]ny claim against Debtors *for which a proof of claim is required*, but not timely filed under the terms of this Order shall be forever disallowed and barred as a claim against Debtors whether for purposes of voting, sharing in any distribution, or in any way participating as a party in interest in this proceeding." *See* Bankruptcy Court Docket, *In re Joseph and Pamela McGuire*, Case No. 11-10447-FJB, Docket No. 10 (emphasis added).  IDOR did not file a separate proof of claim and McGuire never filed one on IDOR's behalf.

On December 14, 2011, the State administrative law judge hearing the proceeding concerning McGuire's alleged liability to IDOR for unpaid sales and uses taxes closed the

proceeding without a determination of liability, but subject to reinstatement if the bankruptcy court abstains or the automatic stay is no longer in effect.

The Debtors have been attempting to fashion and obtain confirmation of a Chapter 11 plan of reorganization that would include all their debts.  On December 22, 2011, McGuire initiated an adversary proceeding in the bankruptcy court, in which he filed a Complaint asserting the three claims outlined above.  IDOR moved for summary judgment as to the Lien and Dischargeability Counts and for abstention under 28 U.S.C. § 1334(c)(1) on the Liability Count.  IDOR acknowledged that it was an unsecured creditor and had no lien against McGuire's assets.  McGuire opposed the motion as to the Dischargeability and Liability Counts.

The bankruptcy court found that the Lien and Dischargeability Counts were core proceedings as to which it had the authority to enter final judgment.  The bankruptcy court determined that: (1) IDOR was confessing judgment as to the Lien Count and, accordingly, entered judgment for McGuire and declared that IDOR had no lien on any asset of the bankruptcy estate; and (2) IDOR was entitled to summary judgment on the Dischargeability Count.  As to the Liability Count, since the bankruptcy court determined that it was not a core proceeding, it requested that IDOR indicate whether it consented to its entry of final judgment on that count in accordance with 28 U.S.C.§ 157(c)(2).  IDOR did not consent.  The Court then found that the Liability Count is otherwise related to McGuire's bankruptcy case and that it would not abstain under 28 U.S.C. § 1334(c)(1), or from adjudicating the Liability Count. Thereafter, IDOR filed a motion to amend the judgment.  That motion was denied.  IDOR then elected not to file an answer to contest the merits of the Liability Count.  On April 17, 2012 and April 20, 2012, respectively, McGuire filed  motions for default and default judgment on the

Liability Count. IDOR did not respond to either motion. Default was entered by the bankruptcy court on May 18, 2012. The bankruptcy court has found that IDOR has defaulted and good cause exists for the entry of a default judgment and has recommended that this Court enter default judgment against IDOR declaring that McGuire has no tax liability to IDOR. *Bankruptcy Court Order*, at ¶ 12.

## Standard of Review

Where a party has filed objections to the bankruptcy court's proposed findings of fact and conclusions of law, this Court reviews rulings of law *de novo* and findings of fact for clear error. *See In re Boston Regional Medical Center, Inc.*, 410 F.3d 100, 108 (1st Cir. 2005). Accordingly, "[a] court reviewing a decision of the bankruptcy court may not set aside findings of fact unless they are clearly erroneous, giving 'due regard ... to the opportunity of the bankruptcy court to judge the credibility of the witnesses.'" *Palmacci v. Umpierrez,* 121 F.3d 781, 785 (1st Cir.1997(citation to quoted authority omitted). "A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* at 785 (citation to quoted authority omitted).

Finally, when a reviewing court "scrutinize[s] factual determinations and discretionary judgments made by a bankruptcy judge … considerable deference [is given] to the bankruptcy court:

> 'Historically, bankruptcy courts have been accorded wide discretion in connection with fact-intensive matters and in regard to the terms and conditions of the engagement of professionals.... The bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails.'"

*In re DN Assoc., d/b/a Atlantic Motor Inn v. Dn Assoc., d/b/a Atlantic Motor Inn.,* 3 F.3d 512, 515 (1st Cir. 1993)(citation to quoted case omitted). "The bankruptcy court's legal conclusions, drawn from the facts so found, are reviewed *de novo*." *Palmacci*, 121 F.3d at 785.

## Discussion

IDOR first argues that neither this Court nor the Bankruptcy Court has jurisdiction to enter an order determining the merits of its claim against McGuire. In the alternative, IDOR argues that abstention is appropriate under 28 U.S.C. § 1334(c).

### *Whether the Bankruptcy Court and/or this Court Has Jurisdiction to Determine McGuire's Tax Liability to IDOR*

IDOR objects to the bankruptcy court's finding that the Debtors require resolution of the Liability Count before they can formulate and obtain confirmation of a Chapter 11 plan. Specifically, IDOR asserts that the existence and amount of McGuire's liability to it cannot have an effect on Debtor's plan because it did not file a claim and will not receive a distribution from the estate—therefore, there will be no diversion of estate funds from other creditors to IDOR.

The Jurisdiction of the bankruptcy court extends to the following types of matters: (1) cases under the Bankruptcy Code (*see* 28 U.S.C. § 1334(a)); (2) proceedings arising under the Bankruptcy Code (*see* 28 U.S.C. § 1334 (b)); and (3) proceedings arising in or related to a case under the Bankruptcy Code (*see Id.*).[2] In this case, the adversary proceeding would not be a case under the Bankruptcy Code for purposes of Section 1334(a). "'Arising under' proceedings generally 'are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of bankruptcy.'" *In re Middlesex Power Equip. & Marine, Inc.*

---

[2] The District Court has original and exclusive jurisdiction over cases under Section 1334(a) and original, but not exclusive jurisdiction over cases/proceedings which fall under Section 1334(b). The bankruptcy court has jurisdiction over such cases through the District Court's delegation pursuant to 28 U.S.C. § 157(a).

*v. Tyngsborough*, 292 F.3d 61, 68 (1st Cir. 2002)(citation to quoted case omitted). The issue of McGuire's tax liability to IDOR is independent of the bankruptcy proceeding and therefore, there is no "arising under" jurisdiction for purposes of Section 1334(b). "[R]elated to proceedings [are] proceedings which " ' "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." ' " *Id.* (citation to quoted cases omitted). The bankruptcy court found that this adversary proceeding was "related to" the bankruptcy proceeding because the existence and amount of McGuire's debt to IDOR is relevant to the formulation and feasibility of a plan in the Debtors' bankruptcy case. Therefore, the bankruptcy court found that it had jurisdiction under Section 1334(b).

As noted above, after finding that it had jurisdiction, the bankruptcy court determined that the Lien and Dischargeability Counts were "core proceedings" and entered judgment with respect thereto. The bankruptcy court's determination concerning those counts is not before me.[3] With respect to the Liability Count, the bankruptcy court determined that it was a non-core proceeding and issued proposed findings of fact and conclusions of law in accordance with 28 U.S.C. §157(c)(1).

I agree with the bankruptcy court's determination that the adversary proceeding relates to the Debtors' bankruptcy and therefore, this Court has jurisdiction under 28 U.S.C. § 1334(b). I

---

[3] Those proceedings which constitute "core proceedings" are listed in 28 U.S.C. § 157 (b)(2) and include: matters concerning the administration of the estate, allowance or disallowance of claims against the estate or exemptions from property of the estate, motions to terminate, annul or modify that automatic stay, determinations as to the dischargeability of particular debts, and determinations of the validity, extent or priority of liens. The bankruptcy court has the authority to hear and enter judgment as to matters that constitute core proceedings. As to non-core proceedings, Section 157(c)(1) provides that the bankruptcy judge may hear non-core proceeding otherwise related to case under title 11 and shall submit proposed findings of fact and conclusions of law to the District Court.

further agree that the Liability Count is a non-core proceeding and therefore, bankruptcy court did not have the authority to enter final judgment on that count, but did have authority to enter proposed findings of fact and conclusions of law to be reviewed by this Court.  This Court must now decide whether (1) the bankruptcy court erred when it found that this Court should not abstain from determining the Liability Count, and (2) if abstention is not warranted, should default judgment enter against IDOR on the Liability Count.

<em><u>Whether Abstention Is Appropriate With Respect To the Liability Count</u></em>

IDOR asserts that the bankruptcy court erred by finding that abstention was not mandated under 28 U.S.C. § 1334(c)(2).  Specifically, IDOR argues that if this Court determines that related to jurisdiction exists (as it has) the bankruptcy court erred by concluding that Section 1334(c)(2) did not mandate abstention because in its (the bankruptcy court's) view, the Liability Count cannot be timely adjudicated in another forum- or, at least, cannot be adjudicated as quickly as it could in the adversary proceeding.  If this Court finds that abstention is not mandated, then IDOR asserts that the bankruptcy court erred by not exercising its discretion under 28 U.S.C. §1334(c)(1) to equitably abstain from determining the Liability Count.

Section 1334(c)(2) provides in relevant part that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 … with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can timely be adjudicated, in a State forum of appropriate jurisdiction.

 I find that IDOR has established that three of the four criteria for mandatory abstention have been met, *i.e.,* (1) it has asserted  a state law claim, (2) related to a case under title 11, and (3) with respect to which this Court would not have had original jurisdiction independent of

Section 1334.  The bankruptcy court did not address whether these criteria had been met; presumably this is because it found that IDOR had not satisfied the fourth criteria, *i.e.,* that IDOR's claim could be timely adjudicated in a State forum.  Specifically, the bankruptcy court found that the bankruptcy case had been lagging and a timely determination of the Liability Count was necessary to permit the Debtors to proceed to confirmation of a plan.  The bankruptcy court further found that IDOR had failed to establish that the matter could be expedited in the state forum and "certainly not the extent that it can be, had been, and will be in the present proceeding." *Bankruptcy Court Order*, at ¶ 8.

IDOR represents that its claim can be timely litigated before a State administrative tribunal and that the bankruptcy court's finding to the contrary is without basis.  The bankruptcy judge, who is intimately more familiar with this case and with the temporal considerations involved in determining the Liability Count in the adversary proceeding versus deferring to the State administrative body, emphatically found that the matter could be addressed much more quickly in the adversary proceeding.  While ultimately that has not proven to be the case, at the time that the bankruptcy judge made the decision, his determination was not clearly erroneous.  Since I find that the bankruptcy judge correctly determined that the matter could not be timely heard in the State forum, I find that mandatory abstention is not warranted.

IDOR next argues that if this Court finds that mandatory abstention is not warranted, it should invoke permissive abstention under Section 1334(c)(1) which provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts, or respect for State law, from abstaining from hearing a particular proceeding … relate to a case under title 11." 28 U.S.C. §1334(c)(1).  "The First Circuit has never enumerated

precise factors that a court must consider when determining the interest of justice, comity, or respect for state law favors abstention. Nonetheless, it has expressly mentioned the following factors that other courts have considered: (1) the extent to which state law issues predominate over bankruptcy issues, (2) the presence of a related proceeding commenced in state court or other nonbankruptcy court, and (3) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties." *Haber v. Massey*, 904 F.Supp.2d 136 (D.Mass. 2012). Other courts have enumerated additional factors to be considered, including: the effect of the action on the bankruptcy estate; the complexity of the state law to be applied; comity; whether the state court action is intimately related to the bankruptcy action or only remotely related; whether there exists a right to trial by jury; and prejudice to the party seeking to litigate in the State court. *Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co., Inc.,* Civ. Act. No. 10-11376-NMG, 2010 WL 6580503, at 7 (D.Mass. 2010) .

In this case, the bankruptcy court considered the aforementioned as well as the following additional factors: the jurisdictional basis other than Section 1334; the substance rather than form of an asserted core proceeding; the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; the burden of the bankruptcy's court docket; and the presence in the proceeding of nondebtor parties. *Bankruptcy Court Order*, at ¶9 and n. 3 (*citing In re Chicago, Milwaukee, St. Paul & Pacific Railroad*, 6 F.3d 1184, 1189 (7th Cir. 1993)). The bankruptcy court opined that the single most important factor was the need for prompt adjudication of the Liability Count and "conversely, the effect of delay in [the Debtors'] bankruptcy case." *Id.*, at ¶10.

While I can understand why from his perspective the bankruptcy judge chose to emphasize these two factors, I disagree that they are the *most* important and should, essentially, drive the determination of whether abstention is warranted.  Such emphasis simply does not give enough consideration to a party, such as IDOR, who has a legitimate interest in having its State law claim fully and adequately adjudicated. Nonetheless, having independently considered the factors, I agree with the bankruptcy court that abstention is not warranted.

### Whether Default Judgment Should Enter

After the bankruptcy court determined that abstention was not warranted, it essentially ordered the parties to litigate the Liability Count before it.  For whatever reason, IDOR chose not to participate and, in fact, informed the Court that it would not file an answer or otherwise contest the merits of the Liability Count.  Thereafter, a default was entered against IDOR and the bankruptcy court has recommended that default judgment enter. The Court agrees and default judgment shall enter against IDOR on the Liability Count.

### Conclusion

For the foregoing reasons, this Court *Affirms* the Bankruptcy Court's proposed findings of fact and rulings of law and enters default judgment in favor of Joseph McGuire as to  Count I of Joseph McGuire's Complaint seeking a determination pursuant to 11 U.S.C. § 505(a) that he has no tax liability to the Illinois Department of Revenue. Accordingly, Joseph McGuire has no liability to the Illinois Department of Revenue.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE